# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2139
_____

Mary Lisa Lane

*Plaintiff - Appellant*

v.

Mack H. Ball, Jr., Judge, Chicot County; Chicot County, Arkansas

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: April 15, 2021
Filed: July 26, 2021
[Unpublished]

_____

Before LOKEN, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

An Arkansas judge fired Mary Lane after she refused to return to work once her medical leave was over. She filed a lawsuit claiming that the decision to fire her,

rather than grant a requested accommodation, was discriminatory. The district court[1] dismissed the case at summary judgment, and we affirm.

## I.

Lane, who is black, worked for Chicot County Judge Mack Ball, Jr. for several years. She had numerous responsibilities, some of which required direct interaction with the public.

After Lane was diagnosed with breast cancer, Judge Ball gave her extended periods of medical leave. To accommodate her illness, she also asked to work from home during the day and only come into the office at night. Although there is some dispute about how he handled the request, both sides agree that he denied it.

When the time came, Lane did not return to work, so he ended up firing her.[2] Not long after, Lane sued Judge Ball and Chicot County for race and disability discrimination. *See* 42 U.S.C. §§ 2000e-2(a)(1),12112(a).

## II.

We review the district court's decision to grant summary judgment de novo. *See Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1017 (8th Cir. 2011). "Summary judgment [was] appropriate [if] the evidence, viewed in [the] light most favorable to [Lane], shows no genuine issue of material fact exists and the [defendants were] entitled to judgment as a matter of law." *Phillips v. Mathews*, 547 F.3d 905, 909 (8th Cir. 2008) (quotation marks omitted).

---

[1]The Honorable James M. Moody Jr., United States District Judge for the Eastern District of Arkansas.

[2]Lane argues that she was still on leave when she was fired, but there is no support in the record for her position.

For each type of claim she brought, Lane had to establish a prima-facie case of discrimination. *See Fenney v. Dakota, Minn. & E. R.R.*, 327 F.3d 707, 711–12 (8th Cir. 2003) (outlining the analytical frameworks for failure-to-accommodate and disparate-treatment claims under the Americans with Disabilities Act); *Grant v. City of Blytheville*, 841 F.3d 767, 773 (8th Cir. 2016) (applying the *McDonnell Douglas* burden-shifting framework to Title VII claims in the absence of direct evidence of discrimination). As the district court concluded, she fell short in her efforts.

Judge Ball's refusal to allow Lane to work a modified schedule was not actionable under the Americans with Disabilities Act absent "a facial showing that [she] was able to complete the essential function[s] of [her] job with or without an accommodation." *Minnihan v. Mediacom Commc'ns Corp.*, 779 F.3d 803, 812–13 (8th Cir. 2015). One "essential function" she had to perform was handling questions and requests from members of the public, which she could not do outside of business hours or from home. *Id.* at 812 (explaining that "a task may be an essential function even if the employee performs it for only a few minutes each week"); *see also Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 932 (8th Cir. 2012) ("[A]n employer need not reallocate or eliminate the essential functions of a job to accommodate a disabled employee." (internal quotation marks omitted)). And to the extent she argues that she could have done the job without an accommodation, her own statements were to the contrary. For example, she stated at one point that she needed to spend "[p]retty much" the entire workday lying down.

Lane's remaining claims fare no better. One is a claim for race discrimination based on the denial of an accommodation, which she tried to prove by identifying a similarly situated employee who received more favorable treatment. *See Grant*, 841 F.3d at 774 (explaining various ways to prove an inference of discrimination). The employee she identified was Judge Ball's administrative assistant, who had a modified work schedule similar to the one Lane had requested. Still, the assistant was not "similarly situated in all relevant respects" because her job involved less interaction with the public and she worked out the flexible schedule before she was hired. *Id.* (quotation marks omitted); *Young v. Builders Steel Co.*, 754 F.3d 573, 578

(8th Cir. 2014) (reaching the same conclusion when employees had "different jobs" with "different" requirements).

Nor did Lane establish a prima-facie case that her firing was discriminatory. *See Lowery v. Hazelwood Sch. Dist.*, 244 F.3d 654, 657, 659–60 (8th Cir. 2001) (discussing disparate-treatment claims under the Americans with Disabilities Act); *Grant*, 841 F.3d at 774 (same for Title VII).  She cannot identify *any* employee, let alone one of a different race or without a disability, who was retained despite failing to return to work after taking medical leave.  *See Pye*, 641 F.3d at 1020 (asking whether other employees "were accused of comparable conduct and not fired").  There is, in other words, no evidence of discriminatory treatment.  *See Lowery*, 244 F.3d at 657, 659–60; *Grant*, 841 F.3d at 774.

### III.

We accordingly affirm the judgment of the district court.

_____